# 7729

No. 7 7 2 9.

L. Frank & CO.

-vs-

Southern Express Co. and the American Railway Express Co.

------------

------------

By Dinkelspiel, J.

Statement of Facts.

L. Frank & Co., a commercial co-partnership, doing busi-
-ness and domiciled in the City of New Orleans, sue the
defendant companies for the sum of $96.50, claiming that
the Sourthern Express Co., a common carrier, did, on 12th.
June, 1918, receive a shipment of chickens, shipped by H.
L. Hodge, of Finger Tenn. That the shipment in question
consisted of twenty-one coops of chickens, and the said
chickens were shipped by Hodge at the place stated to be
delivered to plaintiff in this City, and when said chickens
were shipped that the same were in healthy and good condit-
-ion, but that when delivered in due course they were all
dead. Claiming further that said property was not properly
handled by defendants and not delivered in proper condition.
That they were responsible for said chickens for the full
value of the amount claimed together with $6.83, cost of
transportation paid by plaintiff and they pray for judgment
accordingly.

Defendant, the Sourthern Express Co., deny generally all
the allegations of plaintiffs petition, but admit that it
received the shipment referred to, but denies that the

chickens came to their death through any fault of defendant; that, further they did not know the condition of the chick- -ens at the time of the shipment, and aver that the death of said chickens was due to/**causes** ~~xxxxxxxx~~ beyond the control of defendant, and that said chickens are over crowded in the coops in which they were shipped by consignors.

The facts in this case are all in favor of plaintiff. It was testi*fied* to by the shipper that the chickens were put in coops as had always been done, and that witness had been a shipper of similar articles for the past six years and they were all made in proper and usual manner; that there were only from 18 to 20 head to each coop, all in good condition, and shipment was made one day and the delivery should have been made within twenty-four hours there after and without loss of any and if properly cared for, **The witnesses in this case in behalf of plaintiff, Mr. Hockstein swears positively that the chickens were all dead.** Mr. Alexitish corroborates this fact and gives it as his opinion, after many years of experience in handling freight of this character, that the chickens were smothered to death enroute and did not receive proper care.

The testimony of defendants is all to the effect, negative in character, and I am convinced that the chickens did not receive the care they should have received by the defendant company.

The authorities are almost universal that carriers must satisfy and discharge the obligations imposed upon them, and unless they can prove that the loss or damage had been done by accident or uncontrolable events they cannot be released from such obligation. Civil Code, Art. 2754. Lehmann, vs. 2 Co. . M. P T. R. 1. 3 S. S. Co. La. 115, p. 1. and the authorities there cited.

This Court in 7 Court of Appeal, page 16, Truxillo vs. Texas Pacific R. R. , has decided virtually to the same effect. Also, Hayes vs. I. C. R. R. 16 Court of Appeal,

352

p. 216, and in the 14 Court of Appeal, p. 376, where there was a special defense set up the Court holds, in claiming special defenses on general principles, to similiar effect.

It is admitted, that the Southern Express Co. has transferred all its assets to the American Railway Express Co., and therefore, in our opinion , both defendants are responsible to plaintiff in this case.

For the reasons herein assigned, the judgment of the First City Court is affirmed with cots of both courts.

Judgment Affirmed.

-------

353

# 7734

N. 7734

Mr & Mrs Ernest Ruffo
vs
H. E. Marcotte

In re Application for Mandamus

Per Curiam:

We are of opinion that section 2157 of the Revised Statutes requires no more than that a defendant, intending to appeal from a judgment of ejection, shall not be privileged to appeal suspensively, upon the mere filing of an answer in the ordinary form then allowed, court, an unsworn defense and a general denial; but that in order to obtain such appeal he must file a sworn answer, specially denying or alleging some fact or facts, and which when seriously taken would entitle him to retain possession. It is not necessary to allege, either in the affidavit or in the answer, a mere conclusion of law, to wit, that he is "entitled to retain possession of the premises. (See Doullut vs Rush, 142 La 443, 453)

It is therefore ordered that the mandamus herein issued be made

peremptory, and that the respondent judge.
be directed to grant the appeal as prayed for
and according to law.